NATHAN STEINBERG et al., Plaintiffs, *v.* FOREST HILLS GOLF RANGE, INC., et al., Defendants.

Supreme Court, Special Term, Queens County, December 11, 1950.

*Harry J. Halperin* and *Samuel L. Scholer* for plaintiffs.

*Francis D. Kalosky* and *William R. Distasio* for defendants.

CONROY, J. By this action for a declaratory judgment, plaintiffs seek an adjudication as to (1) whether the corporate defendant's lease was terminated on February 22, 1950, (2) if terminated, whether the corporate defendant's possession is protected under the Business Rent Law (L. 1945, ch. 314, as amd.), and (3) if so protected, the reasonable rent for the space.

On June 2, 1947, Farmers Estate Corporation entered into a lease with the defendant Young for vacant land to be used as a public golf driving range at a rental of $4,000 per annum, payable in equal monthly installments on the first of each month. The lease was for a period of five years, to commence on January 1, 1948, and to terminate on December 31, 1952. It contained a termination clause which became operative on ninety days' notice of termination on a day specified, in the event of a bona fide sale of the premises. On April 22, 1948, Young assigned the lease to the corporate defendant with Farmers' approval. On November 3, 1948, pursuant to a request by the corporate defendant, Farmers extended the period of notice of termination to one hundred and eighty days. On August 18, 1949, Farmers entered into a contract for the sale of the premises to Mysol Realty Corp. at a price of $220,000, payable $40,000 in cash and the balance by the execution of a purchase money mortgage in the sum of $180,000. The plaintiffs are successors to Mysol Realty Corp. On August 19, 1949, Farmers notified the corporate defendant that its lease would terminate on February 22, 1950, and requested possession on or before that date, giving the required one hundred and eighty days' notice.

At the conclusion of the trial, the court disposed of the question presented by the corporate defendant that the acceptance of the rent for the month of February, 1950, waived the notice of termination. The court found that the acceptance

did not constitute a waiver inasmuch as it was never intended as such, and that the lease was lawfully terminated on February 22, 1950. From that time on, the corporate defendant was a statutory tenant entitled to the benefits of the Business Rent Law, if it came within its protection. The premises in question is business space as defined by subdivision (a) of section 2 of the Business Rent Law. The subdivision, however, excepts certain space from protection of the law. A motion picture house or theatre, sports arena or stadium, meeting room or exhibition hall are among the exceptions. (Business Rent Law, § 2, subd. [b].) Clearly, the only possible exception here applicable is a sports arena. If the premises under consideration comes within the definition of a sports arena or stadium, then it is not protected by the provisions of the Business Rent Law; if it does not, then it is entitled to such protection. By its very definition, a sports arena connotes a place for contest between contestants in which there is a victor and a vanquished, which is viewed by an audience and is for their enjoyment. A golf range, therefore, cannot be included in the exceptions to the law, and I find it is such business space as is protected.

A consideration of subdivision (g) of section 8 of the Business Rent Law does not alter the corporate defendant's protection under the Business Rent Law. That section excludes from the law a tenant in possession under a lease whose term is shortened or lengthened by agreement executed not less than three months after the commencement of the term thereof. While it is true that the minimum term was extended by increasing the notice for termination to one hundred and eighty days, which was done more than three months after the commencement of the term, I do not think that the corporate defendant's rights are altered under the law. It must be remembered that the original notice of termination of ninety days was included in the lease at the commencement of the term. Extending that requirement would not exclude the corporate defendant from the protection of the law. Furthermore, it is my belief that the section intended a termination date on a day certain and was not intended to include a situation such as we have here. It is quite possible that the landlord never would exercise its right to terminate and the tenant then could stay for the entire term. The change in the notice of termination did nothing more than to extend for the tenant its minimum term, but otherwise made no change in the term. The termination date of the lease remained unchanged. Only by a change in the termination date

of the lease, providing the other provisions of the section are complied with, would the corporate defendant come within subdivision (g) of section 8 and lose the protection of the Business Rent Law.

It now becomes necessary to fix the rent for the leased property. As noted above, the land was sold for $220,000 in August of 1949 and assessed for the year 1950–51 for $137,650. Expert testimony valued the land at $450,000. While the property is not improved with a building, it is income producing. I find the fair value of the property to be $220,000 and that 3–1/2% would be a reasonable return thereon. The rent is fixed at $7,700 plus $4,501.15, the amount of the taxes, making a total annual rent of $12,201.15.

Proceed accordingly.