CITY BANK FARMERS TRUST COMPANY, as Trustee under Two Deeds of Trust Made by WILLIAM W. ASTOR, Plaintiff, v. RIVAL SHOE COMPANY, INC., Defendant.

Supreme Court, Special Term, New York County, January 5, 1951.

*Elmer J. Hoare* and *Francis O. Mayer* for plaintiff.

*John Benn Butler* and *David A. Campbell* for defendant.

HECHT, J. This is a motion by plaintiff for judgment on the pleadings in its favor in a declaratory judgment action.

In 1935 defendant became the lessee of business premises in the city of New York owned by plaintiff's predecessor in title. The term of the lease was extended from time to time. By agreement dated February 5, 1945, the term was extended from September 1, 1945, to August 31, 1950. On or about May 28, 1946, the then owner of the property entered into an agreement

with defendant which demised the premises for the term beginning June 1, 1946, and ending July 31, 1955, " *unless sooner terminated pursuant to the provision herein set forth* ". The agreement gave the landlord the right, in the event of a bona fide sale of the property, to cancel the same upon ninety days' written notice and payment of a cancellation bonus.

Paragraph 13th contained a covenant by defendant " at the end *or other expiration of said tenancy* " to " deliver up the demised premises in good order or condition, damages by the elements, or other repairs to be made by landlord, excepted ".

On October 5, 1948, plaintiff's predecessor in title notified defendant that the property had been sold, that the lease was cancelled, effective January 7, 1949, and that defendant was required to remove from the premises not later than January 7, 1949. A check for the cancellation bonus required by the 1946 agreement was delivered to defendant with the notice of cancellation and has been retained by it. The latter takes the position (1) that the provision for cancellation contained in the 1946 agreement, in view of the Business Rent Law (L. 1945, ch. 314, as amd.), contemplated only a change in defendant's status from that of a tenant under lease expiring in 1955 to that of a statutory tenant, and (2) that it is entitled to remain in the premises as a statutory tenant and retain the $3,500 paid, according to its contention, as the price of changing its status from that of lessee to that of statutory tenant.

Plaintiff maintains that the 1946 agreement comes within the scope of subdivision (g) of section 8 of the Business Rent Law which denies the protection of a statutory tenancy where " a tenant in possession under a lease not yet expired agrees in writing, by agreement executed not less than three months after the commencement of the term thereof, to terminate his occupancy at any time before or after expiration of the term of such lease ". The 1946 agreement was executed at a time when the February, 1945, lease for a term commencing September 1, 1945, and expiring August 31, 1950, was in full force and effect. It was entered into more than three months after September 1, 1945, the commencement of the term. It was an agreement by a tenant in possession to terminate its occupancy at a " time before or after expiration of the term " of the 1945 lease, viz., at the time fixed in a ninety days' cancellation notice sent by the landlord in the event of a sale of the property. Defendant urges that the 1946 agreement did not contain a covenant on its part to vacate the premises in the event of a cancellation by the

landlord and that, therefore, it was not an agreement by the tenant " to terminate his occupancy " within the meaning of subdivision (g) of section 8. According to defendant, its promise, in paragraph 13th of the 1946 agreement, to deliver up the premises " in good order or condition * * * at the end *or other expiration* of said tenancy " related merely to the condition in which the tenant was to keep the premises and did not constitute an agreement to surrender possession " at the end or other expiration " of the lease.

This construction of defendant's covenant is contrary to the clear language and import of paragraph 13th. That paragraph, at the very outset, contains a separate covenant by defendant to take good care of the premises and make all interior repairs at its own cost and expense. The covenant to " deliver up the premises in good order or condition ", " at the end or other expiration of said tenancy " is, therefore, not a covenant *to keep the premises in good condition,* which the tenant had already covenanted to do, but a promise to deliver them up in that condition at the end or other expiration of the lease.

In the court's opinion, the provisions of subdivision (g) of section 8 of the statute, for the reasons indicated, apply to the 1946 agreement between defendant and plaintiff's grantor. This conclusion is not affected by the fact that the 1946 agreement was itself a lease to take effect June 1, 1946, and to supersede the existing 1945 lease after that date. Subdivision (g) of section 8 does not limit the agreements therein provided for to those which are not leases.

There remains for consideration the contention that the 1946 agreement, having been entered into several years before the enactment of subdivision (g) of section 8 in its present form (by L. 1949, ch. 535), is not affected by the provisions of that section. By the terms of the 1946 agreement defendant covenanted to vacate the premises in the event of a cancellation by the landlord. Retroactive application of subdivision (g) of section 8 does not impair the obligation of this contract, but, on the contrary, permits enforcement of it. The section does no more than withdraw the protection of the emergency rent laws from certain types of situations where the Legislature believed that the rights of parties ought to be governed by their contracts. Presumably, the lawmakers were of the opinion that an agreement entered into by a tenant *in possession, during the term of an existing lease, and not less than three months after the commencement of the term,* was not an agreement entered into

under the duress of the emergency. There is no indication or evidence that the Legislature intended the provisions of subdivision (g) of section 8 to apply only to agreements entered into after its enactment. The underlying principle of the section, viz., that agreements of the kind therein referred to are not the result of duress is equally applicable to agreements made prior to the passage of the section. In *Lask* v. *Spitzer* (N. Y. L. J., Sept. 18, 1950, p. 493, col. 7), the provisions of subdivision (g) of section 8 were applied to an agreement made in 1947, almost two years before subdivision (g) of section 8 in its present form became law.

For the foregoing reasons, the plaintiff's motion is granted and judgment on the pleadings is directed to the effect (1) that the 1946 agreement comes within the provisions of subdivision (g) of section 8, and (2) that defendant is required to vacate the premises and is not a statutory tenant.

Settle order.