Nathan Steinberg et al., Appellants, v. Forest Hills Golf Range, Inc., et al., Respondents.— Action for a declaratory judgment. Plaintiffs, the owners and landlords of certain premises in Queens County, appeal from so much of a judgment as adjudges that said premises constitute " business space " under the provisions of the Business Rent Law (L. 1945, ch. 314, as amd.) ; as adjudges that a certain agreement between plaintiffs' predecessor in title and defendants, the tenants of the said premises, amending the lease between said parties, did not constitute an agreement by the tenants to terminate their occupancy thereof within the meaning of subdivision (g) of section 8 of the abovementioned statute; and as fixes the sum of $12,201.15 yearly as the reasonable rent of said premises as of the date of commencement of this action, pursuant to the provisions of said statute. Judgment modified on the law and the facts by providing that the reasonable rent of said premises as of said date

be fixed at the sum of $22,101.15 a year, and as so modified, unanimously affirmed, without costs. In our opinion the premises involved, occupied by respondents for use as a golf driving range, are not a "sports arena" or other "place of public assembly" within the meaning of subdivision (b) of section 2 of the Business Rent Law and, therefore, come within the provisions of that statute. It is also our opinion that the agreement between the parties which amended the lease to provide for one hundred and eighty days' notice of termination to the tenants in the event of a bona fide sale of the premises, instead of ninety days' notice, and which did not otherwise vary or modify the terms of the lease, was not an agreement by the tenants to terminate their occupancy "at any time before or after expiration of the term of such lease" which would permit tenants to be removed from the premises under the provisions of subdivision (g) of section 8 of the statute, after the expiration of the lease. In our opinion, therefore, respondents became statutory tenants when their lease terminated on February 22, 1950, pursuant to notice. As such they became liable to pay such "reasonable rent" as the court, upon application by the landlords, might fix, based upon the "fair rental value" of the premises. (Business Rent Law, § 4.) In our opinion the facts disclosed by the record sufficiently support the trial court's finding that the fair value of the premises, as of the date of commencement of the action, was $220,000, but such facts do not support the finding, implicit in the court's decision, that the statutory presumption that a net annual return of 8% is a reasonable return, was rebutted. We have therefore modified the judgment so as to provide for such a rate of return upon the fair value of the premises, to which is added the sum of $4,501.15 for taxes, making a total "reasonable rent" in the sum stated. Present — Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ. [199 Misc. 128.]