In the Matter of the CITY OF NEW YORK, Relative to Acquiring a Limited Interest in Real Property and Absolute Title to All Buildings and Improvements Situated upon Said Lands and Premises within the Area Bounded by 94th Street and Other Streets, in the Borough of Queens, Selected as a Site for the REGO PARK HOUSES.

Supreme Court, Special Term, Queens County, November 28, 1951.

*John P. McGrath, Corporation Counsel* (*Harold Tessler* and *Robert D. Joyce* of counsel), for the City of New York.

*Arthur A. Segall* and *Robert L. Pelz* for Queens Horace-Harding Corporation and others, claimants.

UGHETTA, J. The contention of the claimants that they are entitled to a return greater than 4% per annum is rejected.

In this proceeding, where the city has acquired a temporary interest, the proper measure of compensation is the rental that the owner of the condemned property probably could have obtained had the property not been condemned. (*Kimball Laundry Co.* v. *United States,* 338 U. S. 1, 7.) The only competent testimony in this proceeding is that the property acquired might have been rented for 4% per annum for the duration of the city's interest.

It is immaterial that in other condemnation proceedings, involving properties located in other sections of the city of New York, it was determined that the rental value of the properties condemned was more than 4% per annum of their

value. (4½%, *Matter of City of New York* [*Olmstead Ave.*], N. Y. L. J., Feb. 23, 1950, p. 668, col. 6; 9-10%, *Smith Corp.* v. *State of New York*, 49 N. Y. S. 2d 579.) There is no fixed formula for computing the rental value of condemned lands any more than such a standard exists to point out the value of the fee of condemned property.

At the hearing of objections, claimants again urged upon the court the provisions of the Business and Commercial Rent Laws (L. 1945, ch. 314, as amd.; L. 1945, ch. 3, as amd.). These statutes presume that 8% a year is a reasonable return on such property. In its original decision, this court pointed out that even in judicial proceedings brought pursuant to these statutes the provisions respecting an 8% return are not to be given a purely mechanical application. The case of *Steinberg* v. *Forest Hills Golf Range* (278 App. Div. 856 [2d Dept., May, 1951]) supports this view of these statutes. In that case the Appellate Division held that the facts in the record did not rebut the statutory presumption that 8% a year is a reasonable return. The obvious implication is that if the facts in the record did rebut the presumption, the presumption would fall.

In the instant proceeding there is, of course, no statutory presumption that any specific rate is a fair return upon the claimants' property, whether it is the 8% return presumed by the business and commercial rent control statutes, or the 4% yield accorded an owner by the State Residential Rent Law (L. 1946, ch. 274, as amd.). The only competent evidence in the instant proceeding is that the condemned lands would have returned 4% to the owners had they not been condemned.

All objections to the tentative decree are overruled. The corporation counsel is directed to prepare the final decree.