Romos Corporation, Landlord, Appellant, v. World Toy Mfg. Corporation, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, January 17, 1952.

*David G. Haskins* for appellant.

*Samuel Rubin* for respondent.

Final order affirmed, with $25 costs.

EDER, J. (concurring). The landlord appeals from a final order in favor of tenant, entered after trial, dismissing the petition on the merits. The tenant is in possession of the subject space, as a statutory tenant. This proceeding was instituted by the landlord in the belief that the landlord was authorized by subdivision (g) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1951, ch. 431, eff. March 31, 1951) to maintain the same.

Section 8 relates to grounds for removal of tenant from possession. It authorizes (subd. [g]) removal of a tenant from possession where "(g) The tenant, being in possession under an expired lease or tenancy or as a monthly or statutory tenant, agrees in writing to terminate his occupancy of the premises on a date certain in the future, or a tenant in possession under a lease not yet expired agrees in writing by agreement executed not less than three months after the commencement of the term thereof, to terminate his occupancy at any time before or after expiration of the term of such lease."

The landlord's predecessor in title and interest, and the tenant herein, on or about January 18, 1944, entered into a written agreement of lease for a term of two years, commencing February 1, 1944, and ending on January 31, 1946. Tenant occupied said premises pursuant to said lease, and thereafter and until January 9, 1947, the tenant continued to occupy the premises as a statutory tenant.

On or about January 9, 1947, landlord's predecessor in title and interest, and the tenant, entered into a second written lease, concerning the same subject space, for the term of one year, commencing February 1, 1947, and ending on January 31, 1948. Paragraph "25" of said lease contained the following covenant: "25. Upon the expiration or other termination of the term of this lease, tenant shall quit and surrender to landlord the demised premises, broom clean, in good order and condition, ordinary wear excepted. Tenant shall remove all property of tenant as directed by landlord. * * * Tenant's obligation to observe or perform this covenant shall survive the expiration or other termination of the term of this lease."

It is to be observed that clause "25" of the lease required the tenant to surrender possession on January 31, 1948, the expiration date of the lease.

Notwithstanding such provision and covenant of the lease, the tenant could continue in possession of the subject premises, and so section 8 expressly declared and still declares, unless

removal was permitted in the specific instances mentioned in the statute.

Following the expiration of the tenancy on January 31, 1948, the tenant herein continued to remain in possession as a statutory tenant, and could not have been evicted merely by virtue of said clause 25 of the lease. To meet this situation subdivision (g) of section 8 was enacted, withdrawing the protection of the statute as to continued possession by the tenant where the tenant, whether under an unexpired lease, or as a monthly or statutory tenant in possession, agreed in writing to terminate his occupancy of the premises on a date certain in the future.

It is undisputed that the tenant herein has continued in possession as a statutory tenant after January 31, 1948, the expiration date of the last lease.

Prior to the amendment of subdivision (g) of section 8, in 1951, by chapter 431, it did not include within its ambit a monthly or statutory tenant. The amendment added the phrase " or tenancy or as a monthly or statutory tenant ". Those coming within this category who were in possession and occupancy and protected from dispossession could forego this protection by agreeing in writing to terminate such occupancy as therein provided. This amendment to section 8 became effective on March 31, 1951.

Tenant herein has not, since March 31, 1951, signed any agreement to terminate its occupancy of the premises, and the element of basal concern is whether the landlord can successfully invoke clause 25 of the lease of January 9, 1947, as an agreement in writing to terminate the occupancy on a day certain in the future within the meaning of subdivision (g), which lease and quit and surrender clause were entered into while the tenant herein was in possession as a statutory tenant.

As has been mentioned, prior to the amendment of March 31, 1951, subdivision (g) did not include within its provisions a *statutory* tenant, hence the agreement, clause 25, to terminate occupancy by respondent, as a statutory tenant, was ineffective. This is recognized by the landlord, who contends that subdivision (g) is retroactive in its operation and thus renders clause 25 effective and entitles the landlord herein to institute and maintain the instant proceeding and to evict the tenant herein, as it seeks to do.

In support of this premise landlord cites *Senfel Realty Corp.* v. *Peter's Super Diner,* a decision of the Appellate Term, Second Department (N. Y. L. J., June 16, 1950, p. 2157, col. 3);

*Lask* v. *Spitzer* (102 N. Y. S. 2d 857), and *City Bank Farmers Trust Co.* v. *Rival Shoe Co.* (198 Misc. 1002). The memorandum decision in the *Senfel* case does not pass upon the question whether subdivision (g) is retroactive in its operation and effect. While the *City Bank* and *Lask* cases give retroactive application to subdivision (g), I am unable to concur in such construction.

It is my view that the rules of statutory construction, which are properly applicable here, are well established and need no extended discussion. One of the firmly grounded rules of statutory construction is that a statute should not be given retroactive operation unless its language expressly, or by necessary implication, requires it to be so construed (*Matter of Andersen*, 178 N. Y. 416, 419) ; that it is always to be presumed that a law was intended to operate upon cases arising subsequent to its enactment (*People* v. *O'Brien*, 111 N. Y. 1, 59), and the law looks with disfavor upon retrospective operation. '' Especially is a retroactive construction avoided where it causes the statute to infringe the constitution, or to work injustice, or to affect preexisting rights or liabilities '' (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1916 ed.], § 17).

There is nothing whatever in the language of subdivision (g) of section 8 from which retroactive operation can be said to exist or that it was the legislative intent that it should be retroactive. In view of this conclusion it is unnecessary, in my opinion, to discuss the question of waiver.

For the reasons stated, it is my view that the dismissal of the petition was proper, and the final order in favor of the tenant should be affirmed, with $25 costs.

HAMMER and HOFSTADTER, JJ., concur in decision; EDER, J., concurs in opinion.

Final order affirmed.