ZEBU REALTY CORP., Landlord, *v.* GREAT PENNY STORE INC. et al., Tenant.*

Municipal Court of the City of New York, Borough of Manhattan, June 6, 1955.

---

* See, also, *Olympic Assets* v. *Hatch & Co.*, 208 Misc. 12.

*Sidney Roffman* for landlord.

*Michael Miskin* for tenant.

BOCCIA, J. The instant proceeding was instituted by the landlord to recover possession of a corner store and a portion of a basement located at 1520 Park Ave., New York City.

The tenant's answer was a general denial and in effect that it was entitled to the protection of the Business Rent Law as a statutory tenant.

The evidence adduced at the trial indicated that a lease had been executed between the parties on March 26, 1952. At the time of the execution of this lease the tenant was in possession of the demised premises and had been in such possession prior to March 31, 1950, having entered into a lease arrangement with the landlord's predecessor.

The landlord's proceeding is bottomed on a provision in the lease which expired on March 31, 1955, and which recites that: "Upon the expiration or other termination of the term of this lease, Tenant shall quit and surrender to Landlord the demised premises, broom clean, in good order and condition, ordinary wear excepted, and Tenant shall remove all of its property. Tenant's obligation to observe or perform this covenant shall survive the expiration or other termination of the term of this lease."

Upon the expiration date of the lease the tenant continued in possession and the landlord instituted the present proceeding claiming that by virtue of the quoted portion of the lease, the tenant must vacate the premises as the landlord became entitled to such premises by reason of said quit and surrender clause.

The question presented for determination by this proceeding is whether a tenant who agrees to deliver up possession at the expiration date of his term by virtue of the quoted clause (which is to be found in virtually every lease executed within the city of New York) constitutes an agreement of surrender authorizing the landlord to terminate the tenant's possession at the expiration date of the lease and giving the landlord the right of possession to the premises.

The landlord in support of its contention relies upon section 12 of the Business Rent Law (L. 1945, ch. 314, as amd. by L. 1952, ch. 417), which provides in part, as follows: "The provisions of this act shall be inapplicable with respect to any business space now vacant or hereafter vacated by a tenant, or to space

demised under a lease or sublease executed subsequent to March thirty-first, nineteen hundred fifty to a person not in possession at the time of the execution thereof.''

The tenant on the other hand claims to be entitled to the protection and the benefits of the same law, contending that the '' 'quit and surrender '' clause in the lease upon which the landlord relies was never intended nor does it have the effect of a quit and surrender agreement as contemplated by the statute.

Subdivision (g) of section 8 of the Business Rent Law (L. 1945, ch. 314, as amd.) provides that a tenant may be removed from possession if : '' (g) The tenant, being in possession under an expired lease or tenancy or as a monthly or statutory tenant, agrees in writing, or notifies the landlord in writing of his intention, to terminate his occupancy of the premises on a date certain in the future ''.

This section was originally incorporated in the Emergency Rent Laws of 1945 (chs. 314, 315), thereafter amended in 1949 (chs. 534, 535). At the time of such amendment the section applied only to a tenant under an expired lease or tenancy. Further, and in 1951 (chs. 430, 431), this subdivision was amended to include monthly or statutory tenants who agreed in writing to vacate on a specific date. This section has been interpreted by various of our courts upon several occasions. A detailed analysis of these cases was presented in the editorial column of the New York Law Journal under date of May 24, 1955, in an article written by Saul Godwin, Esq. and Paul S. Lipson, Esq.

In this article and in the briefs submitted by the respective parties to this proceeding an historical background is presented regarding the effect of this section both prior to and after the 1949 amendment.

Thus in the case of *White-Way Arcade* v. *Broadway Turtle King* (273 App. Div. 281, motion for leave to appeal to the Court of Appeals denied, 273 App. Div. 964), which was decided in the Appellate Division, First Department, prior to the 1949 amendment, it was held that the surrender clause contained in a lease must be given effect, although two Judges dissented from this determination.

This determination was at variance with the decisions of the Appellate Term, First Department, in the case of *Monahan Express Co. Realty Dept.* v. *Schneider Press* (192 Misc. 960, which was decided on June 30, 1948).

In 1949, Judge MITCHELL D. SCHWEITZER, formerly of this court and now a Judge of the Court of General Sessions, followed

the views expressed in the *Monahan Express Co. Realty Dept.* case. (See *Nathanson* v. *Gavaert Co. of Amer.*, 96 N. Y. S. 2d 774, 778.)

Thereafter, when the same proposition was presented to the New York Supreme Court, Mr. Justice DICKSTEIN in the case of *Lask* v. *Spitzer* (102 N. Y. S. 2d 857), and Mr. Justice HECHT in the case of *City Bank Farmers Trust Co.* v. *Rival Shoe Co.* (198 Misc.1002), each agreed that the surrender clause contained in a lease was enforcible and was the type of surrender agreement contemplated in the provisions of the 1949 amendment. It is interesting to note that Judge HECHT's opinion was affirmed by the Appellate Division, First Department, without opinion (279 App. Div. 1059).

Following these decisions and in 1952, the Appellate Term, First Department, had occasion to again pass upon this proposition. Then and in the case of *Romos Corp.* v. *World Toy Mfg. Corp.* (207 Misc. 851), it affirmed a holding in favor of a tenant in a summary proceeding and stated in effect that a tenant who had entered into a lease with his landlord while a statutory tenant, came within the protection of the 1951 amendment of subdivision (g) of section 8. The lease in that case, however, had expired on January 31, 1948, so that a question of retroactivity was involved in that particular instance.

This same proposition was likewise passed upon by two of my brethren in: *Triboro Parking* v. *Blomeier* (203 Misc. 202 [STARKE, J.]), and *Gaulang Realty Co.* v. *Dyer* (207 Misc. 480 [TRIMARCO, J.]).

These Judges differed as to the effect of the " deliver up possession " clause.

Judge STARKE held that the very purpose of the law was to protect a tenant who was not dealing on equal terms with his landlord when he signed a lease.

Judge TRIMARCO on the other hand held in effect that the parties were dealing at arm's length and a tenant could very well object to " deliver up possession ". clause at the time such lease was entered into.

The question thus presented to this court is primarily one of construction concerning the effect of the " deliver up possession " clause which is contained in the lease involved in the instant case. No question of retroactivity is presented in this case as it appears, without contradiction, that the lease was entered into between the parties on March 26, 1952, and expired on **March 31**, 1955.

Applying the legislative intent to the facts as are presented in the instant case it is this court's construction that the purpose of the amendment to subdivision (g) of section 8 was to permit the parties to deal with each other at arm's length. If the parties had agreed on the insertion of the " deliver up possession " clause and had incorporated such clause in a lease agreement then such clause was one contemplated by subdivision (g) of section 8 and the tenant had therefore waived his rights to the protection of the statute.

It would appear from the amendments to the Emergency Rent Control Laws that the intent of the Legislature is to expedite the decontrol of commercial space and gradually to do away with the restrictions placed upon the renting of space on the part of owners of realty.

This court is therefore constrained to hold that the tenant's rights and obligations are governed by the terms of the lease as entered into between the parties and that as the tenant had agreed to deliver up possession on March 31, 1955, such agreement constituted a waiver contemplated by the statute and the tenant is not entitled to the protection of the Business Rent Laws.

Accordingly, this court holds that a final order should be issued in favor of the landlord and against the tenant, awarding possession of the premises in question to the landlord.

Execution of the warrant is stayed up to and including August 31, 1955.