MIMI FISCHEL, Appellant, v. S. W. STEEL MANAGEMENT Co., INC., Respondent.

First Department, December 20, 1955.

Sidney S. Bobbé for appellant.

Benjamin Menschel of counsel (Wallstein, Menschel & Wallstein, attorneys), for respondent.

Per Curiam. Plaintiff has been in possession of " commercial space " in New York City since January 1, 1945, first as one of the tenants under a lease which expired on December 31, 1945, thereafter by continuing in possession without a lease through March 31, 1950, still later under a lease from April 1, 1950, through June 30, 1953, and finally as a tenant from year to year from July 1, 1953, until June 30, 1955, as of which time plaintiff was given notice by the defendant to quit the premises.

The status of the plaintiff as a tenant from year to year is conceded by defendant. That type of tenancy is somewhat different from the statutory tenancy which exists by virtue of the protection of possession to tenants afforded by the Commercial Rent Law (L. 1945, ch. 3, as amd.). It is one created at the option of a landlord at the expiration of a tenant's lease when the landlord permits his tenant to hold over beyond the term (Stern v. Equitable Trust Co., 238 N. Y. 267, 268; Schuyler v. Smith, 51 N. Y. 309, 313). There is no reason why, despite the existence of the emergency rent control laws, a landlord may not expressly agree that a holdover tenant shall be one from year to year rather than a " statutory " tenant.

After the defendant had served the plaintiff with the notice to remove from the demised premises, the plaintiff commenced this action for a declaratory judgment that she was entitled to remain in possession and defendant counterclaimed for judg-

ment evicting plaintiff. Defendant moved for and was granted summary judgment from which plaintiff has appealed.

The basis of the judgment below is a portion of subdivision (g) of section 8 of the Commercial Rent Law as it existed in 1950 (L. 1949, ch. 534). It then provided in part that a tenant could not be removed unless " being in possession under an expired lease [he] agrees in writing to terminate his occupancy of the premises on a date certain in the future ". It was and is defendant's claim that the lease made between plaintiff and defendant in 1950 which contained a provision that the tenant should, upon the expiration or other termination thereof, quit the demised premises and surrender them to the landlord makes the section operative.

However, regardless of the inclusion of the quit and surrender clause in the 1950 lease, a new tenancy from year to year was concededly in effect from July 1, 1953, through June 30, 1955. That type of tenancy was terminated by the service of defendant's notice to plaintiff to quit and had the effect of creating a new " statutory " tenancy, similar to that which resulted in *Steinberg* v. *Forest Hills Golf Range* (199 Misc. 128, 130, mod. 278 App. Div. 856, mod. 303 N. Y. 577, 581) when the landlord elected to terminate a lease prior to the expiration of its stated term. Here, therefore, defendant itself elected to confer a status of a tenant from year to year upon plaintiff commencing July 1, 1953, which, when terminated by the service of the notice to remove created a new statutory tenancy, was again subject to the protection of the Commercial Rent Law and not decontrolled since the plaintiff was in possession on March 31, 1950 (Commercial Rent Law, § 13; L. 1945, ch. 3, § 12, renum. § 13 by L. 1945, ch. 315 which was amd. by L. 1952, ch. 416).

Moreover, the portion of the section sought to be applied contemplates an agreement in writing other than a quit and surrender clause in a lease executed after the expiration of a prior lease. The act indicates a legislative intent to permit a termination of occupancy of possession under an expired lease but not to allow any automatic termination of protection of possession acquired under a new lease. To interpret the statute in accordance with defendant's contention would necessarily result in decontrol of business commercial space to an extent which the Legislature did not intend to accomplish in 1949 when it adopted subdivision (g) of section 8.

The judgment and order appealed from should be accordingly reversed, with costs and judgment directed in favor of plaintiff. Settle order and judgment.

PECK, P. J. (concurring). I agree with the conclusion of the court but would prefer to put my concurrence upon other and broader grounds. I would not consider the lease clause upon which defendant relies — the typical clause that the tenant will quit and surrender the premises in good order and condition upon the expiration of the lease — standing alone as the required agreement in writing to terminate occupancy on a date certain under subdivision (g) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd.).

*City Bank Farmers Trust Co.* v. *Rival Shoe Co.* (198 Misc. 1002, affd. 279 App. Div. 1059) was a case under the second part of subdivision (g) of section 8 of the Commercial Rent Law, and parts of the lease other than the quit and surrender clause made it perfectly clear that the parties were contracting for a surrender of the premises in a certain contingency.

The difference in wording of the first and second parts of subdivision (g) of section 8 indicates that something even more definite and specific may be required to constitute an agreement to terminate occupancy under the first part than is required under the second part. I would not say that the requirement of a specification of a " date certain ", on which occupancy is to be terminated, necessarily dictates the specification of a calendar date, but it at least means that the fixing of a defined time or event for surrender must be a conscious and unequivocal contracting in reference to the kind of surrender allowed under subdivision (g) of section 8.

It is not apparent that the parties entered into such an agreement here and I do not believe the Legislature intended that the mere incorporation in a lease of the usual clause for surrender on termination of the lease would have the effect of the special agreement contemplated by subdivision (g) of section 8.

COHN, BOTEIN and RABIN, JJ., concur in *Per Curiam* opinion; PECK, P. J., concurs in separate opinion; COX, J., concurs in result.

Judgment and order reversed, with costs, and judgment is directed in favor of plaintiff. Settle order on notice.