Eder, J. (concurring).
Our present holding, it should be noted, overrules in scope and effect our affirmance without opinion of Gaulang Realty Co. v. Dyer (207 Misc. 480), affirmed sub nom. Seligson v. Dyer (207 Misc. 489).
In connection with the present appeal, I have re-examined the basis of our earlier decision. That review resulted in an appreciation of the impact upon subdivision (g) of section 8 of the provisions of subdivision (e) of section 8 (L. 1945, ch. 314, as amd.) in the search for the answer to the question as to whether the “ quit and surrender ” clause contained in every lease could be held to be an agreement by a tenant “ to terminate his occupancy ”. The Appellate Division (Fischel v. Steel Management Co., 286 App. Div. 780, 782) has now stated as a general principle that “ the portion of the section sought to be applied contemplates an agreement in writing other than a quit and surrender clause in a lease executed after the expiration of a prior lease ”. That also is the “ broader ground ” upon which Peck, P. J., rested his concurring opinion. These opinions do not, however, refer to subdivision (e) of section 8 as proof of the legislative intent that the usual surrender clause should not have the effect of terminating a tenant’s occupancy under subdivision (g) of section 8 — proof which I now regard as most significant and convincing.
Pursuant to subdivision (e) of section 8 a tenant whose lease had expired cannot, except under penalty of eviction, refuse to execute upon landlord’s demand a renewal of the prior lease for a further term of like or even shorter duration at landlord’s option on substantially similar terms (which, of course, would include the printed “quit and surrender” clause). Accordingly, if tenant refuses to sign such a renewal lease, he is subject to eviction under subdivision (e) of section 8; and if he does sign such a renewal lease, he would be subject to eviction at the end of its term, however short in duration, if it be held that the “ quit and surrender ” clause contained therein is an agreement to terminate occupancy under subdivision (g) of section 8. All business and commercial tenants having at any time had *655 leases containing such a clause would under such an interpretation be vulnerable to a “ pincer ” attack by landlords invoking subdivisions (e) and (g) of section 8 against them, whether they refused to sign or did sign renewal leases after the effective date of subdivision (g). The Legislature could not have intended by such a devious method to decontrol business and commercial space, and such an interpretation should not be read into subdivision (g) by the courts in the absence of specific statutory language that a lease containing the formal surrender clause constitutes an agreement “ to terminate his occupancy of the premises on a date certain in the future ”. Such a holding, rendering tenants helpless to protect their statutory rights, would run counter to the evident intendment of the legislative commission on the rent laws which, when recommending in 1951 a change in subdivision (g), referred to “ agreements to vacate on a date certain ” being “ safeguarded by requirement that these agreements had to be executed not less than three months after the commencement of the term of the lease ”. It would be quite anomalous to protect tenants in possession under unexpired leases against their own improvidence in agreeing within this three-month period of immunity to vacate before or after the expiration of their leases, while at the same time leaving defenseless tenants in possession under expired leases faced with demands by their landlords to execute renewal leases. Were landlords’ interpretation to be upheld, there would be no “ safeguard ” left for tenants.
I have set forth these views (reached upon a re-examination of the entire subject) to indicate that the interplay of subdivisions (e) and (g) compels the conclusion that the Legislature could not have intended that the “ quit and surrender ” clause contained in a new lease signed by a tenant in possession under an expired lease was an agreement by tenant to ‘ ‘ terminate his occupancy ”.
Schreiber and Hecht, JJ., concur in decision; Edbr, J., concurs in opinion.
Final order affirmed, etc.