Benjamin Brenner, J.
This is a proceeding to review the determination of respondent denying a certificate of eviction.
On December 10, 1956, petitioner sought to obtain possession of an apartment occupied by a son of a former stockholder of the owner corporation, alleging it had never recognized the son as a tenant. It was further alleged that in 1955, in a proceeding before the rent commission (wherein petitioner sought to obtain an increase in rent from the occupant from • $66 per month to $88.25 per month) the occupant presented a 10-year lease for the apartment purportedly executed by himself and by his mother on behalf of the landlord corporation. The record *891 shows that petitioner thereafter commenced an action in the Supreme Court, Kings County, against the occupant to rescind such lease and have same declared null and void, at which trial the occupant and his parents testified to the execution of the lease in 1951. Petitioner claims all three persons committed perjury on the trial since the printed form on which the lease was executed was not in existence at the time the lease was claimed to have been executed. Upon threat of a referral of the matter to the District Attorney for prosecution for perjury, an action withheld only because of family involvement, the occupant, defendant in that action, consented to a rescission of the lease and agreed to remove from the apartment on or before December 31, 1956, and consented in writing to the issuance of a certificate of eviction by respondent, whereupon judgment was entered declaring the lease null and void.
The local rent administrator denied the application, holding that the landlord had failed to state a ground for a certificate of eviction, and referred to Administrator’s Opinion No. 71 and section 16 of the State Rent and Eviction Regulations. Administrator’s Opinion No. 71 has reference to conditions upon which a notice of intention to remove is binding upon a tenant. Section 16 of the regulations provides that an agreement by a tenant to waive the benefit of any provisions of the act or the regulations is void. In denying petitioner’s protest from the determination of the local rent administrator, respondent held that the stipulation to vacate was unenforcible as a tenant may not waive his rights under the State Rent and Eviction Regulations, that the landlord had not established that it relied upon tenant’s expressed intention to vacate on December 31, 1956, and that the landlord had accepted rent from the tenant subsequent to said date.
The Administrator’s Opinion No. 71 is not applicable to the present situation. That opinion presupposes a voluntary surrender of a housing accommodation by a tenant and the giving of notice thereof to a landlord. In such case, if the tenant fails to vacate pursuant to the notice, the landlord may not commence court action to evict the tenant without obtaining a certificate of eviction. Here no voluntary surrender was involved and no notice was given. The tenant agreed to the entry of judgment as part of the settlement of the action to declare null and void the purported lease claimed to have been fraudulently procured (undoubtedly to obviate the consequences of the fraud charged against him). Among other things, the settlement required his removal from the premises on or before December 31, 1956, the issuance of a certificate of eviction and the entry *892 of a final order in summary proceeding, with execution of the warrant to be stayed to December 31, 1956. Here was no mere voluntary or innocent surrender of the housing accommodation needing the protection afforded by the Administrator’s Opinion No. 71. It was a surrender which, by agreement, partially formed the basis of a judgment. It was an agreed surrender, no doubt in expiation of tortious and possibly criminal conduct on the part of the tenant, as to whom the protection provided by such opinion was never contemplated.
Nor is section 16 of the State Bent and Eviction Regulations applicable. This provision was not intended to encourage or abet fraudulent practices by a tenant against the landlord and certainly not, as here, against the rent commission. It protects tenants unfamiliar with the law or the legal effect of certain agreements. Here the tenant committed a fraud against the rent commission by submitting an apparently fraudulent lease to deprive the commission of jurisdiction to determine an application pending before it for a rent increase by the landlord. To permit the tenant in these circumstances, to avoid the consequences of a stipulation openly entered into to terminate a litigation between him and the petitioner, and which partially forms the basis of a judgment, could not have been the intention of the rent commission when it promulgated section 16; nor would the application of said section in the instant case be within the intent or in furtherance of the rent act or the regulations. A judgment based on stipulation thus openly entered into in the course of litigation by individuals represented by counsel must retain its legal effect and the stipulation must be enforced unless it is illegal or for some other valid reason the enforcement thereof ought to be denied. I find no such illegality or valid reason for nonenforcement.
I am of the further opinion that the local rent administrator was in error in holding that the requested eviction is ‘ ‘ inconsistent with the purposes of the Act.” On the contrary, on the undisputed facts in the record, a certificate of eviction should have been granted by the Administrator under section 54 of the State Rent and Eviction Regulations which provides that: ‘ ‘ The Administrator may also issue orders granting certificates in other cases if the requested removal or eviction is not inconsistent with the purposes of the Act or these Regulations and would not be likely to result in circumvention or evasion thereof.”
Finally, the acceptance of rent subsequent to the failure of the tenant to remove from the apartment as agreed upon, under the circumstances herein set forth, may not be construed as any *893 waiver of the terms and conditions of the stipulation referred to herein. Waiver is largely a matter of intent. The tenant’s removal was to take place December 31, 1956. The petitioner filed the application for the certificate of eviction on December 10, 1956, citing the judgment and the stipulation,. In these circumstances, particularly in view of the underlying fraud implicit in tenant’s conduct, petitioner’s acceptance of rent during the tenant’s illegal occupancy and while the proceedings were pending does not indicate any voluntary relinquishment or waiver of its rights (Davison v. Klaess, 280 N. Y. 252; Steinberg v. Forest Hills Golf Range, 199 Misc. 128).
The determination of the Rent Administrator is set aside and he is directed to issue a certificate of eviction to petitioner.
Settle order on notice.