MIDBORO MANAGEMENT, Respondent, *v.* J. COLEMAN SCAL, Appellant.

First Department, December 9, 1958.

*Myron J. Greene* of counsel (*Martin Greene* with him on the brief; *Millard & Greene,* attorneys), for appellant.

*Irving L. Kalish* of counsel (*Arthur T. Kaplan,* attorney), for respondent.

McNALLY, J.   The question presented on this appeal by leave of the Appellate Term is whether the landlord respondent is entitled to possession of the business space here involved under the provisions of subdivision (g) of section 8 of the Business Rent Law (L. 1945, ch. 314, as amd.)

Prior to June 16, 1955, the landlord commenced a holdover proceeding against the tenant.   On June 16, 1955, the parties entered into a written agreement whereby the then pending holdover proceeding was discontinued and the parties agreed to enter into an agreement for reasonable rent in accordance with subdivision 3 of section 4 of the Business Rent Law.   The June 16 agreement provides, in part, as follows: " 3. The tenant, being in possession under an expired lease, agrees to vacate, in any event, at noon on September 30th, 1957 and to terminate his occupancy of the premises at such time.   This agreement to vacate shall be void in the event tenant cancels and terminates lease to be entered into subsequent to the signing of this agreement, pursuant to agreement fixing a reasonable rent."

On the following day, June 17, 1955, the parties entered into the formal agreement for reasonable rent which was thereby fixed at $213.50 per month and also entered into a formal lease dated that day for the term commencing July 1, 1955 and ending September 30, 1957.   Prior to the expiration of the said term and on August 28, 1957, the landlord served written notice of termination of the tenancy on September 30, 1957, and demanded that the tenant then remove from the premises.   Upon the tenant's failure to vacate the premises, the instant holdover proceeding was instituted.

Subdivision (g) of section 8 of the Business Rent Law, insofar as material, provides as follows: " (g) The tenant, being in possession under an expired lease or tenancy or as a monthly or statutory tenant, agrees in writing, or notifies the landlord in writing of his intention, to terminate his occupancy of the premises on a date certain in the future, or a tenant in possession under a lease not yet expired agrees in writing, by agreement executed not less than three months after the commencement of the term thereof, to terminate his occupancy at any time before or after expiration of the term of such lease." (L. 1953, ch. 452.)

The notice or agreement to terminate the occupancy on September 30, 1957, reflected in the writing of June 16, 1955, depended for its vitality upon the existence of the tenant's statutory tenancy because the initial part of subdivision (g) relates to a tenant in possession " under an expired lease or tenancy or as a monthly or statutory tenant ". The statutory tenancy which existed on June 16, 1955 terminated on July 1, 1955, upon the commencement of the term of the lease provided for in the lease agreement of June 17, 1955. The notice and agreement to vacate on September 30, 1957, incorporated in the agreement of June 16, 1955, was incidental to the statutory tenancy and became ineffective when the statutory tenancy was terminated. (*Fischel* v. *Steel Management Co.*, 286 App. Div. 780, 782.)

The landlord respondent does not predicate its right to possession on the covenant to vacate contained in the lease dated June 17, 1955. The covenant to vacate contained in said lease is not enforcible because it was executed within and not, as provided in subdivision (g), " three months after the commencement of the term thereof ". Moreover, the covenant to vacate is not a notice or agreement to terminate within subdivision (g). (*Fischel* v. *Steel Management Co., supra.*)

The final order appealed from should be reversed on the law and the final order of the Municipal Court reinstated.

RABIN, J. P., VALENTE and STEVENS, JJ., concur.

Determination unanimously reversed on the law and the final order of the Municipal Court reinstated, with costs to the appellant in this court and in the Appellate Term.